# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALVATORE MALLIA, JR., | Case No. 2:19-cv-00179-RFB-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| DRYBAR HOLDINGS, LLC, et al., | |
| Defendants. | |

Presently before the court is plaintiff Salvatore Mallia, Jr.'s motion to extend time for service (ECF No. 28), filed on May 6, 2019.

Plaintiff moves for a 60-day extension of the Federal Rule of Civil Procedure 4(m) deadline to serve defendant Courtney Barfield. Rule 4(m) provides the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court –
> on motion or on its own after notice to the plaintiff – must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

The court "must extend time for service upon a showing of good cause." *Crowley v. Bannister*, 734 F.3d 967, 976 (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Absent a showing of good cause, the court may exercise its discretion to extend service upon a showing of excusable neglect or dismiss the complaint. *See id.* The court has "broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Good cause is determined on a case-by-case basis. *Laski v. Am. Bd. Of Internal Med.*, 92 F. Supp. 3d 1013, 1016 (D. Nev. 2015). The standard for good cause is the diligence of the party effectuating service. *See Townsel v. Contra Costa Cnty.*, Cal., 820 F.2d 319, 320 (9th Cir. 1987).

A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (internal quotations omitted).

Plaintiff argues that the deadline to serve Barfield expires on May 31, 2019. In support of his request, plaintiff references the process server's report stating that efforts were made to personally serve defendant Courtney Barfield on February 28, 2019. The process server states that defendant did not reside at that residence initially visited, and that further research led the process server to another address. On March 5, 2019, the process server made another attempt at the newly discovered address. However, that attempt was also unsuccessful, as no one answered the door after the process server knocked for 15 minutes. Plaintiff's motion also details several records searches and inquiries made to locate defendant.

While plaintiff contends that the 4(m) deadline expires May 31, 2019, plaintiff filed the complaint in this action on January 30, 2019 and Rule 4(m) provides only 90 days for service. As such, the deadline to serve Barfield expired April 30, 2019. Nonetheless, the court finds good cause to extend the 4(m) deadline because of plaintiff's repeated attempts to locate and serve defendant Barfield. Thus, the court will grant plaintiff's request for a 60-day extension. The deadline is extended 60 days from the date of this order.

IT IS THEREFORE ORDERED that plaintiff's motion to extend time for service (ECF No. 28) is GRANTED.

IT IS FURTHER ORDERED that the deadline to serve defendant Eva Arriba shall be extended up to and including July 13, 2019.

DATED: May 14, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE