# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALVATORE MALLIA, JR., | Case No. 2:19-cv-00179-RFB-DJA |
| Plaintiff(s), | **ORDER** |
| v. | |
| DRYBAR HOLDINGS, LLC; COURTNEY BARFIELD; KARRIE MARTINEZ; PATRICE CAMPBELL; RENEE ATWOOD; ZENA LONG | |
| Defendant(s). | |

## I. INTRODUCTION

Before the Court are two motions: Defendants Renee Atwood, Patrice Campbell, Drybar Holdings, LLC, Zena Long, Karrie Martinez's (collectively "Defendants") Motion to Compel Arbitration, and Plaintiff Salvatore Mallia, Jr.'s ("Mallia") Motion for Leave to File a Supplemental Memorandum. ECF Nos. 32, 55. For the following reasons, the Court grants Defendants' Motion and denies Plaintiff's motion.

## II. PROCEDURAL BACKGROUND

Plaintiff Salvatore Mallia, Jr. filed his complaint in this matter on January 30, 2019. ECF No. 1. The complaint asserts claims against Defendants for violations of the Americans with Disabilities Act ("ADA") (42 U.S.C. §12101 *et seq*); Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 12101 *et seq*), and Nevada state law. Id. Defendants answered the complaint on May 14, 2019. ECF No. 30. Defendants also moved to compel arbitration. ECF No. 32. A response and

reply were filed. ECF Nos. 35, 37. Plaintiff then moved to file a supplemental memorandum. ECF No. 55. A response and reply to this motion were also filed. ECF Nos. 60, 61.

### III.	FACTUAL BACKGROUND

Plaintiff Salvatore Mallia, Jr., ("Mallia") was first employed by Defendant Drybar Holdings, LLC ("Drybar") in August 2017. He was terminated later in the year. Mallia now brings various claims related to alleged discrimination he experienced while in Drybar's employ. Defendants maintain that Mallia signed a binding arbitration agreement when Drybar first hired him. Because Drybar has a practice of providing any employment-related paperwork electronically, signatures of the same appear stamped on the bottom of applicable documents. Mallia's signature appears on the bottom of the electronic version of the Arbitration Agreement on August 30, 2017. The Arbitration Agreement is a standalone contract that "applies without limitation, to disputes with any entity or individual arising out of or related to . . . the employment relationship or the termination of that relationship." ECF No. 34-1. The agreement gave prospective employees thirty days from the date of receipt of the agreement to opt-out. To opt-out, an employee had to either submit a signed and dated statement on an "Arbitration Agreement Opt Out Form" obtainable from Drybar's Human Resources Department, or submit to hr@thedrybar.com written notice that they were opting out, or send an email to optout@thedrybar.com notifying Drybar's HR of the intent to dropout. To support their motion, Defendants attach the declarations of a Senior Manager within Drybar's Human Resources Administration, which explains that Drybar maintains all job-related paperwork online, including "New Hire Paperwork" through a program called "My Staffing Pro," which allows employees to sign and acknowledge any job-related paperwork through "eSign," which stamps an electronic signature image at the bottom of documents that require signatures. The documents indicate that

Mallia, Jr. electronically signed the Arbitration Agreement on August 30, 2017.[1]

## IV. LEGAL STANDARD

### a. Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA provides two methods for enforcing arbitration: (1) an order compelling arbitration of a dispute; and (2) a stay of pending litigation raising a dispute referable to arbitration. 9 U.S.C §§ 3, 4.

"By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). The FAA limits the district court's role to determining (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014). "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24–25 (1983). Thus, "[t]he standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the Act is phrased in mandatory terms." Republic of Nicar. v. Std. Fruit Co., 937 F.2d 469, 475 (9th Cir. 1991). In fact, "Section 2 of the FAA requires courts to enforce agreements to arbitrate according to their terms, in order to place an arbitration agreement upon the same footing as other contracts and to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate." O'Conner v. Uber Technologies, Inc., 904 F.3d 1087, 1093 (9th Cir. 2018) (internal quotations and citations omitted). However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to

---

[1] The declaration states that the agreement was signed on August 30, 2018, but this appears to be a typo as the records list the date as August 30, 2017.

submit." AT & T Technologies, Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986) (internal quotation omitted).

The determination of whether a particular issue should be decided by the arbitrator rather than the court is governed by federal law. Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). However, when deciding whether the parties agreed to arbitrate a certain matter, courts generally apply ordinary state law principles of contract interpretation. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

Section 3 of the FAA provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. 9 U.S.C. § 3. Although the statutory language supports a mandatory stay, the Ninth Circuit has interpreted this provision to allow a district court to dismiss the action. See Sparling v. Hoffman Const. Co., 864 F.2d 635, 638 (9th Cir. 1988). A request for a stay is not mandatory. Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978).

**V.    DISCUSSION**

Mallia disputes his consent to the arbitration and argues in effect that the Arbitration Agreement is procedurally unconscionable because it was included as part of an online system that did not draw Mallia's attention to the particular agreement. The Court finds that the evidence indicates that Mallia did consent to the agreement, and that the contract is neither procedurally nor substantively unconscionable, and therefore the Court will grant the motion to compel.

**a. Consent**

It is not seriously disputed[2] that Mallia used Drybar's e-sign software to sign new employee paperwork, including the Arbitration Agreement. The Court finds this sufficient to establish that Mallia consented to the Arbitration Agreement. Mallia argues that he did not have specific knowledge of signing the particular arbitration agreement, and that the contents of the arbitration agreement were not specifically pointed out to him. But under Nevada law, one who signs an agreement is presumed to know the contents therein, and Mallia offers no evidence that Defendants procured his "eSign" signature through fraud or another wrongful act. See Campanelli v.

---

[2] Mallia states in his declaration that he s"vaguely" recalls using an online system to sign documents with Drybar. Decl. Salvatore Mallia, Jr, ECF No. 35-1.

Conservas Altamire, S.A., 477 P.2d 870, 872 (Nev. 1970)("He who signs or accepts a written contract, in the absence of fraud or other wrongful act on the part of another contracting party, is conclusively presumed to know its contents and to assent to them.")(internal quotations omitted). Accordingly, the Court finds that Mallia consented to the agreement.

### b. Procedural Unconscionability

An arbitration clause is procedurally unconscionable under Nevada law, "when a party lacks a meaningful opportunity to agree to the clause terms either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily ascertainable upon a review of the contract." KJH & RDA Investor Group, LLC v. Eighth Judicial Dist. Court of State ex rel. Cty. of Clark, 281 P.3d 1192 (Nev. 2009) (internal citations omitted). "The gist of this element 'focuses on two factors: oppression and surprise.'" Id.

In this case, the Court does not find that the Arbitration Agreement was procedurally unconscionable. The Arbitration Agreements states in bold at the top that "This dispute resolution agreement is a contract and covers important issues relating to your rights . . . You are free to seek assistance from independent advisors of your choice outside the Company or to refrain from doing so if that is your choice." That the contract is pro forma does not necessarily establish procedural unconscionability and the Nevada Supreme Court has not applied the adhesive contract doctrine to employment agreements. See Kindred v. Second Jud. Dist. Court, 996 P.2d 903, 907 (Nev. 2000) ("We have never applied the adhesion contract doctrine to employment cases."). Mallia argues that the arbitration was insufficiently "conspicuous." However, the Arbitration Agreement was its own standalone document, not a paragraph buried in unrelated text, which undermines any argument as to its lack of conspicuousness. See U.S. Home Corp. v. Michael Ballesteros Tr., 415 P.3d 32, 41 (Nev. 2018). There is also no indication that employees were forced to sign the agreement without adequate time to review its contents. Accordingly, the Court does not find the contract procedurally unconscionable.

### c. Substantive Unconscionability

A contract may be substantively unconscionable when it contains oppressive terms or is one-sided. Gonski v. Second Judicial Dist. Court of State ex rel Washoe, 245 P.3d 1164, 1169

(Nev. 2010) overruled on other grounds by U.S. Home Corp. v. Michael Ballestreros Trust, 415 P.3d 32 (Nev. 2018). The Court does not find the Arbitration Agreement to be oppressive or one-sided. The Arbitration Agreement describes the arbitration procedures in clear language that provides both the employee and employer with an opportunity to arbitrate. ECF No. 34-1. ("Except as otherwise stated in this Agreement, you and the Company agree that any legal dispute or controversy covered by this agreement . . . shall be resolved by binding arbitration."). The agreement requires each party to bear its own costs. Id. The arbitration provision does include a class action waiver, but the Supreme Court has held that such provisions are not per se unconscionable and that state law cannot render them so. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 348-49 (2011). The Court therefore does not find the contract substantively unconscionable.

### b. Motion for Leave to File Supplemental Memorandum

After the motion to compel was fully briefed, Mallia submitted a motion for leave to file a supplemental memorandum in light of a newly discovered declaration from another former Drybar employee and HR manager. Mallia argues that this declaration should be considered by the Court as it further demonstrates that the case should not be subject to arbitration.

"A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g). The Court will typically only find good cause under LR 7-2(g) if there is a showing that the party seeking good cause was reasonably diligent. Mallia maintains that he has been diligent in submitting this new declaration, signed in September 2019, and that Mallia's new counsel only appeared on November 6, 2019 and immediately filed the motion the next day.

The Court denies the motion because the "new evidence" does not change the Court's analysis, and allowing supplemental briefing on an irrelevant issue would be futile. The only paragraph of the seven-page declaration relevant to the question of arbitration is a statement that when the former manager was trained on how to review paperwork with new hires, she was told to "gloss over" the Arbitration Agreement, and "just tell new hires to "sign here, and don't worry about it." This declaration is not particularly useful to the Court because it does not establish

particular facts as to what happened in Mallia's specific situation. Indeed, the HR manager does not even establish that she was the manager who went through Mallia's arbitration agreement with him. Furthermore, additional information as to the circumstances of Mallia's signing of the contract only speaks to possible procedural unconscionability of the contract, and an arbitration agreement must be both procedurally and substantively unconscionable before the Court will strike it. U.S. Home Corp., 415 P.3d at 40 ("Nevada law requires both procedural and substantive unconscionability to invalidate a contract as unconscionable."). The Court therefore denies the motion for supplemental briefing.

The Court notes that the arbitration agreement provides that any dispute, including disputes as to whether there is an agreement to arbitrate, must be submitted to arbitration. The Court thus finds that the Arbitration Agreement is broad enough to require that all of Mallia's claims are arbitrated. The Court therefore exercises its discretion as articulated by the Ninth Circuit in Sparling v. Hoffman Const. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988) to dismiss all claims in this action.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Arbitration, (ECF No. 32) is GRANTED

**IT IS FURTHER ORDERED** Plaintiff's Motion for Leave to File a Supplemental Memorandum (ECF No. 55) is DENIED.

**IT IS FURTHER ORDERED** that all claims in this case are dismissed as the Court finds that they are subject to mandatory arbitration.

The Clerk of the Court is instructed to close the case.

DATED March 16, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**